# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN E. CASABURRO,**
**PAUL JOSEPH STICH,**
          **Plaintiffs,**

**-vs-**                                         **Case No. 6:07-cv-56-ORL-KRS**

**VOLUSIA COUNTY CORPORATION,**
**VOLUSIA COUNTY COUNCIL**
**MEMBERS,**
**JOHN AND JANE DOES,**
**UNKNOWN DEFENDANTS,**
          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO DISMISS (Doc. No. 31)
>
> **FILED:** July 10, 2007

## I.   PROCEDURAL HISTORY.

On January 12, 2007, Plaintiffs John E. Casaburro and Paul Joseph Stich filed a complaint against Defendants Volusia County Corporation, Volusia County Council, and unnamed Council members, challenging the constitutionality of Volusia County's local nonpartisan elections. Doc. No. 1. Specifically, the plaintiffs allege that the non-partisan elections violate the First and Fifteenth Amendments to the United States Constitution, the Voting Rights Act, and the Freedom of Information Act. *Id.*

In response to the complaint, Defendant County of Volusia (County) filed a Motion to Quash Service of Process and Motion to Dismiss. Doc. No. 6. The Court granted the County's motion to quash service of process on June 20, 2007. Doc. No. 30. Thereafter, the plaintiffs served the County, and the defendants filed the present motion to dismiss.[1] Doc. Nos. 31, 32. Plaintiffs Casaburro and Stich each filed a response to the defendants' motion. Doc. Nos. 33, 34. In support of his response, Casaburro filed his Loyalty Oath for Precinct Committeemen and an article from the Orlando Sentinel. Doc. No. 33-2.

## II.   ALLEGATIONS OF THE COMPLAINT.

Plaintiffs Casaburro and Stich are registered voters residing in Volusia County, Florida. Doc. No. 1 at 1. Casaburro is a member of the Volusia County Executive Committee, and Stich is a member of the Volusia County Republican Executive Committee. *Id*. at 1, 3.

In Volusia County, all local, city, and county elections are nonpartisan. *Id.* at 1. Elections of judges are also conducted without candidates disclosing their political party affiliation. *Id.* at 2. Because the elections are nonpartisan, the plaintiffs cannot make "educated" decisions when voting. *Id.*

Casaburro alleges that his "First Amendment rights are violated since [he] cannot determine party affiliations[,]" which is important because political parties "often back or don't back important moral and religious views . . . ." *Id*. at 2. He further alleges that his First Amendment rights are violated because nonpartisan elections abridge the freedom of speech of "local cities" and "political

---

[1] The Court interprets the present motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

clubs." *Id.* The nonpartisan elections are also "perpetrated on [b]lack voter[s,]" violating the Fifteenth Amendment and the Voting Rights Act. *Id.*

In the complaint, Stich expresses reasons he believes that nonpartisan elections should not be permitted. *Id*. at 3. He does not allege a specific violation of his constitutional rights with respect to the nonpartisan elections in Volusia County.

The plaintiffs further allege that the Freedom of Information Act was violated because the Volusia County Council did not provide information to them. *Id.* at 5-6.

The plaintiffs request that the Court do the following:

> [G]rant a trial for monetary damages for $500,000, payable to a fund to educate voters; Order the County to partisan races with attached party affiliations spelled out in full or "none" or "independent"; Order affiliations with Judges and groups and main financial backers of Constitution and Charter amendments; Require the State of Florida and all its counties to follow same; Full amends by Volusia County Council to pay for all fees and costs associated with this suit; and That the county place full page ads once a month for three (3) months announcing the changes and where new voters can register in **ALL** AREA newspapers in the years 2007 and 2008, and transportation costs for people with disabilities who want to register and need help.

*Id.* at 6.

### III.   APPLICABLE LAW.

A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Jackam v. Hosp. Corp. of Am. Mideast, Ltd*., 800 F.2d 1577, 1579-80 (11th Cir. 1986) (holding that the issue in a Rule 12(b)(6) motion to dismiss "is not whether [the plaintiff] will ultimately prevail on [his or her claim], but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt

to prove the[ ] allegations."). A complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

**IV.   ANALYSIS.**

The defendants argue that the complaint should be dismissed because the plaintiffs lack standing, and the complaint lacks consistency and legal coherence, presents a non-justiciable political question, and fails to state a claim under the Freedom of Information Act, Voting Rights Act, or the First or Fifteenth Amendments.

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing, 1) the plaintiffs must show they "have suffered an 'injury in fact[,]'" 2) "there must be a causal connection between the injury and the challenged action of the defendant which is not too attenuated[,]" and 3) "it must be likely rather than speculative that 'the injury will be redressed by a favorable decision.'" *Ga. State Conference of NAACP Branches v. Cox*, 183 F.3d 1259, 1262 (11th Cir. 1999) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In determining whether a plaintiff has standing, the Court must look at each claim and determine whether standing is present. *Allen v. Wright*, 468 U.S. 737, 752 (1984) ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an

adjudication of the particular claims asserted."). "'A party with standing to advance one claim may lack standing to advance other claims . . . .'" *Bowen v. First Family Fin. Servs.,Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) (quoting 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3531, at 568 (2d ed. 2007)). Accordingly, the Court will examine whether the plaintiffs have standing when analyzing each of the plaintiffs' causes of action.

    A.    <u>Violation of the Fifteenth Amendment</u>.

The Fifteenth Amendment to the United States Constitution states that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." The plaintiffs allege that the County's use of nonpartisan elections violates the Fifteenth Amendment because "nonpartisan methods and practices [of the County] are perpetrated on Black voter[s] too . . . ." Doc. No. 1 at 2. The plaintiffs do not allege that they personally were discriminated against based on race, color, or a previous condition of servitude.

A plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1965); *see also Warth*, 422 U.S. at 499 ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The plaintiffs' complaint does not allege how the County's nonpartisan elections discriminated against them based on race. Accordingly, based on the allegations of the complaint, the plaintiffs lack standing to bring this action under the Fifteenth Amendment.

    B.    <u>Violations of the Voting Rights Act</u>.

The complaint alleges that the County's nonpartisan election ballot violates the Voting Rights Act. The Voting Rights Act provides that:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color . . . .

42 U.S.C. § 1973(a). The plaintiffs contend that the Voting Rights Act was violated because nonpartisan elections discriminate against minority voters. Again, the plaintiffs do not allege that they were denied the right to vote "on account of race or color." Accordingly, for the same reasons that the plaintiffs lack standing to bring an action under the Fifteenth Amendment, they lack standing to bring an action under the Voting Rights Act. The plaintiffs can not bring an action to protect the rights of parties that are not before the Court.

    C.    <u>Violation of the First Amendment</u>.

The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." In the plaintiffs' complaint, they allege that by not including a candidate's or judge's political affiliation on a ballot for local elections, the County has violated the plaintiffs' freedom of speech.

The United States Supreme Court has held that the First Amendment protection of free speech applies to both the source and recipient of a communication. *See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976). Therefore, as individuals who would like

to receive communications on the ballots regarding the party affiliation of candidates and judges, plaintiffs have standing to bring an action under the First Amendment.

Based on the allegations of the complaint, the plaintiffs have not sufficiently alleged a violation of the First Amendment. The First Amendment does not provide candidates with the right to have their political affiliations on an election ballot. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 362-63 (1997). As the United States Supreme Court stated in *Timmons*, "[w]e are unpersuaded, however, by the party's contention that it has a right to use the ballot itself to send a particularized message, to its candidate and to the voters, about the nature of its support for the candidate. Ballots serve primarily to elect candidates, not as forums for political expression." *Timmons*, 520 U.S. at 362-63; ; *see also Rosen v. Brown*, 970 F.2d 169, 175 (6th Cir. 1992) ("With respect to the political designations of the candidates . . . on the ballot, a State could wash its hands of such business and leave it to the educational efforts of the candidates themselves, or their sponsors, during the campaigns."). Accordingly, as the plaintiffs do not have a right to have a candidate's political affiliation on an election ballot, they have failed to allege a deprivation of their freedom of speech or religion.

The complaint also alleges that the plaintiffs have contacted the Volusia County Council a number of times without receiving a response. The plaintiffs contend that such conduct violated their First Amendment right "to petition the Government for a redress of grievances." While the First Amendment protects the plaintiffs' right to contact the Volusia County Council, the First Amendment does not require that the Council respond. *Cf. Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 466 (1979)(finding no First Amendment violation when a governmental agency

ignored grievances made by a union). Accordingly, plaintiffs also failed to state a claim on which relief could be granted under the petition clause of the First Amendment.

    D.    <u>Freedom of Information Act</u>.

Pursuant to the Freedom of Information Act, an agency under its authority must make available to the public numerous documents and information. 5 U.S.C. § 552. The Act defines an agency as "each authority of the Government of the United States ," with certain exclusions not relevant to the present case. 5 U.S.C. § 551. As the Act only applies to agencies of the United States, "the Freedom of Information Act has no application to state governments." *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980).

In the present action, the plaintiffs' Freedom of Information Act claim relates to information allegedly withheld by the Volusia County Council. As this is a state entity, the Freedom of Information Act is inapplicable.

**V.    CONCLUSION**.

Plaintiffs do not have standing to assert claims of violation of the Fifteenth Amendment and the Voting Rights Act. The complaint fails to state claims on which relief can be granted for violation of the First Amendment or under the Freedom of Information Act. Accordingly, it is **ORDERED** that the Motion to Dismiss is **GRANTED**.

Plaintiffs will be given one opportunity to file an amended complaint as to their claims of violation of the First Amendment. In an amended complaint, the plaintiffs must clearly allege the acts that support their claims and must allege how those acts injured them individually. The plaintiffs must also clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s).

It is **ORDERED** that plaintiffs may file and serve an amended complaint on or before November 9, 2007. Failure to do so will result in this file being closed.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties