# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN E. CASABURRO,**
**PAUL JOSEPH STICH,**
            **Plaintiffs,**

**-vs-**                                                                                        **Case No. 6:07-cv-56-ORL-KRS**

**VOLUSIA COUNTY CORPORATION,**
**VOLUSIA COUNTY COUNCIL**
**MEMBERS,**
**JOHN AND JANE DOES,**
**UNKNOWN DEFENDANTS,**
            **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 41)** |
| **FILED:** | November 26, 2008 |

| | |
|---|---|
| **MOTION:** | **MOTION FOR HEARING (Doc. No. 44)** |
| **FILED:** | March 28, 2008 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** **MOTION [FOR] HEARING (Doc. No. 45)**
>
> **FILED:** December 5, 2007
> ───────────────────────────────────────
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

## I. PROCEDURAL HISTORY.

On January 12, 2007, Plaintiffs John E. Casaburro and Paul Joseph Stich filed a complaint against Defendants Volusia County Corporation, Volusia County Council, and unnamed Council members, challenging the constitutionality of Volusia County's local nonpartisan elections. Doc. No. 1. Specifically, the plaintiffs alleged that the non-partisan elections violate the First and Fifteenth Amendments to the United States Constitution, the Voting Rights Act, and the Freedom of Information Act. *Id.*

In response to the complaint, the defendants filed a motion to dismiss, which the Court granted on October 22, 2007. Doc. Nos. 31, 35. The Court found that the plaintiffs did not have standing to assert claims for violation of the Fifteenth Amendment and the Voting Rights Act, and that the complaint failed to state a claim upon which relief could be granted for violation of the First Amendment or under the Freedom of Information Act. Doc. No. 35 at 8. The Order gave the plaintiffs one opportunity to file an amended complaint "as to their claims of violation of the First Amendment." *Id.* The Court further directed the plaintiffs that they "must clearly allege the acts that support their claims and must allege how those acts injured them individually. The plaintiffs must . . . clearly describe how each named defendant is involved in the alleged constitutional violation(s)." *Id.*

The plaintiffs timely filed their Amended Complaint. Doc. No. 39. In the Amended Complaint, the plaintiffs reassert the claims they presented in the original complaint. *Id.* The defendants now move to dismiss the Amended Complaint with prejudice. Doc. No. 41. The plaintiffs have filed a response to the motion, doc. no. 43, and have requested oral argument, doc. nos. 44, 45.

## II.   ALLEGATIONS OF THE FIRST AMENDED COMPLAINT.

The plaintiffs allege that, "[f]or the sake of non-redundancy," they "re-allege and incorporate" their original complaint. Doc. No. 39 at 1.

The plaintiffs further allege that Volusia County's nonpartisan ballots "hinder or 'abridge' [their] right to make educated choices when voting . . . ." *Id.* at 2. By not requiring judges to designate their political party affiliation on Volusia County's election ballots, Casaburro has suffered injuries in traffic court, small claims court, and county circuit court. *Id.* at 2. His First Amendment freedoms of religion and speech have been violated because "he is afraid or squashed from expression of his views, speech [and] thoughts in court proceedings fearing a judge might rule against him." *Id.* at 2. The Amended Complaint also suggests that the plaintiffs' First Amendment freedoms of religion and expression are violated when voting by having to follow the U.S. Constitution and the Florida Constitution. *Id.* at 1-2.

As to the Fifteenth Amendment and the Voting Rights Act, the plaintiffs provide that affidavits from "African/Black Americans" are still "to come." *Id.* at 3.

With respect to the Freedom of Information Act, the plaintiffs allege that "[b]allots are shared (county [and] local) with federal [elections,] . . . making [Volusia County] partly responsible for access [and] proper information." *Id.* at 1.

The plaintiffs allege that they have stated a claim on which relief can be granted under the petition clause of the First Amendment. *Id.* at 3.

The plaintiffs suggest that placing a candidates' party affiliation next to his name, or listing the major supporter of "ballot amendments," would rectify the constitutional violations. *Id.* at 2.

**III.   APPLICABLE LAW.**

A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986) (holding that the issue in a Rule 12(b)(6) motion to dismiss "is not whether [the plaintiff] will ultimately prevail on [his or her claim], but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove the[ ] allegations."). A complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

**IV.   ANALYSIS.**

The defendants argue that the Amended Complaint should be dismissed because it fails to follow the Court's previous order dismissing the plaintiffs' complaint, it lacks specificity and logical coherence, and it fails to state how the plaintiffs' rights to free exercise of religion and speech are burdened.

The Court's previous Order limited the plaintiffs' Amended Complaint to claims asserting a violation of the First Amendment. Doc. No. 35. Despite the Court's limitation, the plaintiffs' Amended Complaint contains claims for violations of the Fifteenth Amendment, the Voting Rights Act, the First Amendment, and the Freedom of Information Act. The Court did not allow amendment to the plaintiffs' Fifteenth Amendment and Voting Rights Act claims because it was determined that the plaintiffs lacked standing to bring these claims. It was further held that the plaintiffs could not allege facts to support a claim for violation of the Freedom of Information Act. Despite the Court's previous Order, the additional allegations in the Amended Complaint will be examined to determine whether the plaintiffs have alleged sufficient claims for violations of the Fifteenth Amendment, Voting Rights Act, and the Freedom of Information Act.

A.   Violations of the Fifteenth Amendment and Voting Rights Act.

The Fifteenth Amendment to the United States Constitution states that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." The Voting Rights Act provides that:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote on account of race or color . . . .

42 U.S.C. § 1973(a).

The Court previously held that the plaintiffs lack standing to bring an action under the Fifteenth Amendment and the Voting Rights Act because they did not allege that they were personally discriminated against based on "race, color, or a previous condition of servitude." Doc. No. 35 at 5-6. In the Amended Complaint, with regard to violations of the Fifteenth Amendment, the plaintiffs refer

to "African/Black Americans sworn affidavits (to come)." Doc. No. 39 at 3. The plaintiffs further allege that their Fifteenth Amendment "standing is sincere for these and many other minority votes as well." *Id.* With regard to the Voting Rights Act, the plaintiffs again refer to unfiled affidavits and state that "[a]bridgement occurs. Standing survives by testimony (in court)." *Id.* at 3.

As was the case with the original complaint, the Amended Complaint fails to allege that the plaintiffs individually had their right to vote denied or abridged "on account of race, color, or previous condition of servitude." Alleging that affidavits of individuals, other than the plaintiffs, would be filed is insufficient to established standing.[1] Accordingly, based on the allegations of the Amended Complaint, the plaintiffs lack standing under the Fifteenth Amendment and the Voting Rights Act.

B.    Freedom of Information Act.

As explained in the Court's previous Order, the Freedom of Information Act requires that agencies under the "authority of the Government of the United States" must make certain documents and information available to the public. 5 U.S.C. § 551. As the Act only applies to agencies of the United States, "the Freedom of Information Act has no application to state governments." *Davidson v. Georgia*, 662 F.2d 895, 897 (5th Cir. 1980).

In the plaintiffs' Amended Complaint, the plaintiffs allege that "[b]allots are shared (county & local) with federal. We believe making county partly responsible for access & proper information." Doc. No. 39. These allegations are insufficient to state a claim under the Freedom of Information Act. The plaintiffs' complaint is against Volusia County, which is not under the "authority of the

---

[1]The plaintiffs indicated that they would be filing affidavits of "African/Black Americans." Doc. No. 39 at 3. However, despite having filed the Amended Complaint in November, no affidavits have been filed. Even if the affidavits had been filed, the plaintiffs would lack standing because they have not suggested that they were individually discriminated against.

Government of the United States." Additionally, in the Amended Complaint, the plaintiffs fail to provide any indication as to what information was requested and from whom it was requested. In the original complaint, the plaintiffs alleged that information was withheld by the Volusia County Council. Assuming that the allegations in the Amended Complaint relate to the same withholdings by the Volusia County Council, for the reasons stated above and in the original complaint, the plaintiffs' allegations are insufficient.

    C.    <u>Violation of the First Amendment</u>.

The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." In the Court's previous Order, it was held that the plaintiffs have standing to bring a claim under the First Amendment to receive communications on ballots regarding a candidate's or judge's political affiliation, but the plaintiffs did not sufficiently allege a cause of action. The plaintiffs were cautioned that, in amending their complaint, they "must clearly allege the acts that support their claims and must allege how those acts injured them individually. Doc. No. 35.

In the Amended Complaint, the plaintiffs allege that Volusia County's nonpartisan ballots "hinder or 'abridge' [their] right to make educated choices when voting." Doc. No. 39 at 2. However, contrary to the instructions in the previous order, the plaintiffs do not articulate how the nonpartisan ballots hinder or abridge their freedom of speech or their ability to make educated choices when voting. The First Amendment does not provide candidates with the right to have their political

affiliation listed on election ballots. Doc. No. 35 at 7; *see Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 362-63 (1997) (stating that [b]allots serve primarily to elect candidates, not as forums for political expression). Accordingly, this allegation alone is insufficient to state a claim for a violation of the First Amendment.

The plaintiffs next allege that, by not allowing judges to designate their political affiliation, Casaburro has suffered injuries in traffic court, small claims court, and county circuit court. Casaburro alleges that his freedoms of speech and religion have been violated because "he is afraid or squashed from expression of his views, speech [and] thoughts in court proceedings fearing a judge might rule against him." Doc. No. 39 at 2. Again, the plaintiffs have failed to describe specific instances where they have been harmed, and they have not alleged how Volusia County's election ballots have caused their injuries. While the plaintiffs have suggested that they are afraid to express their views in court, they do not allege how they were damaged by not being able to express their thoughts in court. Accordingly, the plaintiffs have again failed to allege a cause of action under the First Amendment.

The Amended Complaint also alleges that there is a conflict between the United States Constitution and the Florida Constitution. It is alleged that "[a]s a Christian, unable to serve [two] masters[,] I cannot in good conscience have [two] sets of rule when I vote or encourage other voters to overlook the rules. This is Plaintiff Cassaburro's [first] count of violation of [First] Amendment (religious freedom & expression) . . . . Doc. No. 39 at 2-3. It is not clear from the Amended Complaint what conflict the plaintiffs are referring to between the United States Constitution and the Florida Constitution. Additionally, the plaintiffs do not allege how this conflict has violated the First Amendment. To the extent that the plaintiffs are suggesting that Volusia County's election ballots are

in conflict with the United States Constitution, the argument is not well taken. The United States Supreme Court has stated that "the Framers of the Constitution intended the States to keep for themselves, as provided in the Tenth Amendment, the power to regulate elections," and that "[e]ach State has the power to prescribe the qualifications of its officers and the manner in which they shall be chosen." *Sugarman v. Dougall*, 413 U.S. 634, 647 (1973) (citations and internal quotation omitted). Accordingly, the plaintiffs have once again failed to state a cause of action.

Lastly, the plaintiffs allege that they have a "[s]tatement of claim on which relief should be given under the petition clause of [the First] Amendment." Doc. No. 39 at 3. This statement provides no indication as to why the plaintiffs believe they have a claim under the petition clause of the First Amendment. In the Court's previous Order dismissing the plaintiffs' original complaint, the Court held that the plaintiffs' allegation that Volusia County failed to respond to their complaints failed to state a cause of action because the First Amendment did not require Volusia County to respond to their complaints. Thus, as no further information has been provided in the Amended Complaint to support a claim under the petition clause of the First Amendment, the claim is dismissed.

## V. CONCLUSION.

The plaintiffs do not have standing to assert claims for violation of the Fifteenth Amendment and the Voting Rights Act, and the Amended Complaint fails to state a claim on which relief can be granted for violations of the First Amendment and the Freedom of Information Act. The plaintiffs were cautioned that this would be their last opportunity to amend the complaint.

Accordingly, it is **ORDERED** that the Amended Motion to Dismiss Amended Complaint is **GRANTED,** and the Amended Complaint is **DISMISSED** with prejudice. The Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on April 15, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties